UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ROBERT COUGHLAN and AILEEN          :
COUGHLAN,                                              :         18 Civ. 2125
                                                                   :
                          Plaintiffs,              :         **COMPLAINT**
                                                                   :
     -against-                                         :
                                                                   :
KYLE JACHNEY, RICHARD JACHNEY and :
HYLAS YACHTS, INC.,                              :
                                                                   :
                          Defendants            :
-------------------------------------------------------------x

Plaintiffs Robert Coughlan and Aileen Coughlan, by their attorneys Sinnreich Kosakoff & Messina LLP, as and for their Complaint against defendants Kyle Jachney, Richard Jachney and Hylas Yachts, Inc., alleges as follows:

## PRELIMINARY STATEMENT

1. As described in detail below, the defendants defrauded the plaintiffs out of almost $200,000.00 in deposits that were supposed to be turned over to various boat manufacturers for purposes of the design and construction of a semi-custom yacht that the plaintiffs had contracted with the defendants to produce. The defendants false and fraudulently represented that they were owners of the Hylas brand, when it turns out that they were merely a broker and then, over a period of over one year, provided false and fraudulent updates concerning the status and production of the plaintiffs' boat in attempt to cover up either misappropriation of the deposits.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action, pursuant to 28 U.S.C. § 1332(a), in that this action involves a controversy which is wholly between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a), in that a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

4. Plaintiffs Robert Coughlan and Aileen Coughlan are individuals residing in the State of New York with a primary place of residence located at 116 Randall Avenue, Port Jefferson, New York 11777.

5. Upon information and belief, defendant Kyle Jachney is an individual residing in the Commonwealth of Massachusetts with a primary place of residence located at 40 Hereford Street #5, Boston, Massachusetts 02115.

6. Upon information and belief, defendant Richard Jachney is an individual residing in the Commonwealth of Massachusetts with a primary place of residence located 39 Wharf Path, Unit 39, Marblehead, Massachusetts 01945.

7. Upon information and belief, defendant Hylas Yachts, Inc. ("Hylas") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business located at 40 Hereford Street #5, Boston, Massachusetts 02115.

8. Upon information and belief, defendant Richard Jachney is the President of Hylas and defendant Kyle Jachney is the Vice-President of Hylas.

## BACKGROUND FACTS

9. The Coughlans met the defendants at various trade shows, including the Annapolis Boat Show in September 2015.

10. The defendants affirmatively and repeatedly represented themselves to be the owners of the Hylas brand of sailboat.

2

11. In reality, the defendants were mere brokers of the Hylas brand, which is actually owned by Queen Long Marine Co. ("Queen Long").

12. The defendants on numerous occasions falsely and fraudulently represented to the plaintiffs that Queen Long was their "partner" or their "factory."

13. The defendants also represented that the deposits made by the plaintiffs to the defendants would be sent to Queen Long and any other manufacturers working on parts for their boat.

14. Based on these representations, on or about November 10, 2015, plaintiff Aileen Coughlan entered into a Sales Agreement with Hylas whereby Hylas agreed to "construct and [plaintiff] agreed to purchase one 2017 Hylas 56 (the "Yacht")…" A copy of the Sales Agreement is annexed as Exhibit A.

15. Pursuant to paragraph 2(a) of the Sales Agreement, a 10% deposit in the amount of $101,800.00 was due upon execution of the Sales Agreement (the "First Deposit").

16. Pursuant to paragraph 2(b) of the Sales Agreement, a second 10% deposit was due on June 1, 2016, "upon confirmation that the [plaintiff's] Hylas 56 Hull has been laid up and removed from the Mold" (the "Second Deposit").

17. Both the First Deposit and the Second Deposit were paid by the plaintiffs.

18. The Sales Agreement states that the boat would be completed and prepared for shipping from Taiwan to the United States by April 2017.

19. The Sales Agreement further states in paragraph 2(g) that if the boat is not ready to ship by October 1, 2017, the plaintiffs can cancel the order and "receive a full refund of all deposits paid to date at the time of cancellation."

3

20. In addition, in or about March 2016, plaintiff Robert Coughlan discussed adding a carbon mast and other equipment manufactured by Selden Mast AB ("Selden") to the Yacht for an additional cost of approximately $120,000.00.

21. On March 23, 2016, defendant Kyle Jachney, writing from his personal email account, kjachney@aol.com, attached an invoice from Selden for the quoted amount and requested a 50% deposit of $60,000.00 from Mr. Coughlan to place the order with Selden (the "Selden Deposit," collectively, the First Deposit, the Second Deposit and the Selden Deposit are referred to as the "Deposits").

22. In or about March 2016, Mr. Coughlan wired the $60,000.00 to a Hylas bank account located at National Grand Bank in Marblehead, Massachusetts.

23. On or about May 31, 2016, an employee of Hylas emailed Mr. Coughlan copying defendant Kyle Jachney and requested the second $101,800.00 deposit.

24. Mr. Coughlan wired this second to deposit to Hylas in or about June 2016.

25. Of the $263,600.00 constituting the Deposits, all of which were supposed to be provided to the manufacturers, the plaintiffs subsequently learned that the defendants only sent $69,500.00 to Queen Long, keeping, without authorization, $194,100.00 for themselves.

26. Mr. Coughlan also subsequently learned that the defendants representations that they owned the Hylas brand was false and that the defendants were instead a broker of the Hylas brand, which is owned by Queen Long. The defendants' commission for brokering the sale was to be $70,500.00.

27. To keep up the charade, defendant Kyle Jachney continued to provide false updates to Mr. Coughlan over the next several months.

28. For example, on August 2, 2016, defendant Kyle Jachney emailed Mr. Coughlan and falsely stated that Queen Long "is starting the next stages of your 56 soon."

29. On August 24, 2016, Mr. Coughlan emailed defendant Kyle Jachney requesting pictures of the hull. On August 29, 2016, defendant Kyle Jachney emailed Mr. Coughlan pictures of a boat under construction claiming that it was a picture of his "hull moving from the lay up to the production shed."

30. Plaintiffs later learned that Queen Long had not even started construction of their boat at this time due to the failure of the defendants to forward the Deposits and that the picture that defendant Kyle Jachney sent was of someone else's boat for the sole purpose of continuing his fraudulent scheme.

31. In addition, plaintiffs tried numerous times to coordinate a trip to Queen Long in Taiwan to inspect the boat, but defendant Kyle Jachney kept putting them off because, as Mr. Coughlan later learned, Queen Long had not received the bulk of the Deposits and had not started construction of his boat.

32. Specifically, on November 18, 2016, Queen Long emailed Mr. Coughlan and stated that they had not started building the boat because Queen Long had only received $69,500.00 of the $203,600.00 in Queen Long deposits that Mr. Coughlan paid to Hylas.

33. Finally on January 17, 2017, Queen Long emailed Mr. Coughlan and informed him that Queen Long would no longer be working with Hylas or the individual defendants and that the defendants were no longer authorized to sell the Hylas brand.

34. Subsequently, Mr. Coughlan attempted to confirm with defendant Kyle Jachney that the Deposits were properly sent to Queen Long and Selden, but Mr. Jachney remained elusive and then stopped communicating all together.

35. As a result, the plaintiffs cancelled their order with Hylas because, in addition to the above, it would not be able to deliver the boat by October 1, 2017.

36. Hylas failed to refund the full amount of the Deposits to the plaintiffs in accordance with paragraph 2(g) of the Sales Agreement.

37. Mr. Coughlan subsequently contracted with Queen Long directly to complete construction and delivery of the boat.

38. The boat was not completed until November 8, 2017.

39. The defendants improperly retained and misappropriated $194,100.00 of the Deposits from plaintiffs, almost triple what Hylas' commission was supposed to be on the sale had it fulfilled its contractual obligations and delivered the boat itself, and used those funds for personal and business expenses unrelated to the plaintiff's boat.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

40. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 39 of the Complaint as if fully set forth herein

41. Plaintiffs have duly performed all of its duties under their agreement with the defendants.

42. The defendants failed to perform all of their duties under their agreement with the plaintiffs by failing to forward the Deposits to the various boat manufacturers and by failing to secure production of the boat by Queen Long in accordance with the terms of the Sales Agreement.

43. The defendants failed to refund the full amount of the Deposits to the plaintiffs as required by the Sales Agreement.

44. As a result of the defendants' breach of the Sales Agreement and their breach of the agreement concerning the Selden mast, the plaintiffs are entitled to a judgment against the defendants in the amount of $263,600.00 plus applicable interest thereon.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

45. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 44 of the Complaint as if fully set forth herein

46. As described in detail above, defendants have obtained money for the plaintiffs under such circumstances that, in fairness and good conscience, the money should not be retained by defendants.

47. As a result of the defendants' unjust enrichment, the plaintiffs are entitled to a judgment against the defendants in the amount of $194,100.00 plus applicable interest thereon.

## THIRD CAUSE OF ACTION
### (Conversion)

48. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 47 of the Complaint as if fully set forth herein

49. As discussed above, the defendants failed to turn over $194,100.00 of the Deposits to the various manufacturers without the prior knowledge or consent of plaintiffs, for the defendants' own benefit.

50. The retention of the Deposits was unauthorized and unrelated to the performance of the Sales Agreement.

51. By reason of the above, defendants have converted the Deposits to their own use and benefit..

52. As a result of the defendants' conversion, the plaintiffs are entitled to a judgment against the defendants in the amount of $194,100.00 plus applicable interest thereon.

## FOURTH CAUSE OF ACTION
### (Fraud)

53. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54. As detailed with particularity above, the defendants participated in a scheme that was devised and executed for the specific purpose of defrauding plaintiffs into wiring them the Deposits with no intention of forwarding the Deposits to the appropriate manufacturers.

55. As detailed with particularity above, defendants made numerous knowing direct and indirect misrepresentations of facts to plaintiffs, including representing that they owned the Hylas brand, that they had forward the Deposits to the appropriate manufacturers, the plaintiffs' boat was under construction when it was not, and sending false and fraudulent pictures designed to trick plaintiffs into believe that the Deposits had been forwarded and that their boat was under construction when, in fact, it was not.

56. Defendants made these false and fraudulent misrepresentations with the intent to deceive plaintiffs and to induce plaintiffs to make the Deposits.

57. Plaintiffs justifiably relied on the false and fraudulent misrepresentations made by the defendants in actually entering into the Sales Agreement and making the Deposits.

58. Plaintiffs were damaged in the amount of the Deposits that were wrongfully retained by the defendants in the amount of $194,100.00.

59. Defendant's fraudulent conduct was gross, wanton or willful to a sufficiently high degree as to warrant the imposition of punitive damages.

60. Based on the foregoing, plaintiffs have been damaged in the amount of $194,100.00, plus punitive damages, accrued interest thereon and other charges.

WHEREFORE, plaintiffs respectfully requests that the Court enter judgment for the plaintiffs and against the defendants as follows:

1. On their First Cause of Action for breach of contract in the amount of $263,600.00 plus applicable interest thereon;

2. On their Second Cause of Action for unjust enrichment in the amount of $194,100.00 plus applicable interest thereon;

3. On their Third Cause of Action for conversion in the amount of $194,100.00 plus applicable interest thereon;

4. On their Fourth Cause of Action for fraud in the amount of $194,100.00, plus punitive damages, accrued interest thereon and other charges;

5. Awarding plaintiffs interest, costs and attorneys' fees; and

6. Awarding plaintiffs such other and further relief as the Court deems just and proper.

Dated: Central Islip, New York
April 10, 2018

**SINNREICH KOSAKOFF & MESSINA LLP**

By: /s/ Jarrett M. Behar
Jarrett M. Behar
267 Carleton Avenue, Suite 301
Central Islip, New York 11722
(631) 650-1200

Attorneys for Plaintiffs